UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-03-05 |
| | ) | Judge Phillips |
| JOSEPH L. BARRISH | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Defendant Joseph L. Barrish has filed a pro se motion for early termination of supervised release [Doc. 367].[1] In support of his motion, the defendant states that he has fulfilled all of the conditions of supervision and his probation officer believes he is a good candidate for early termination. The defendant states that he completed the residential drug treatment program while incarcerated. The defendant admits to a "slip up" in his sobriety in December 2016, but states that he has addressed it, set goals, and obtained them with weekly NA and a treatment specialist. The defendant states that he has committed no other crimes and has ceased contact with other individuals involved in the instant case. The defendant has had his driver's license re-instated, he has purchased a car and car insurance, and he has maintained full time employment. The defendant has also received a commercial HVAC & R Technician diploma from the Tennessee College of Applied Technology. The defendant contends that his positive life changes and achievements

---

[1] Although the defendant requests "early release from supervised probation," the record reflects that the defendant was sentenced to and is currently serving a term of supervised release.

support his early termination. He also notes that he has a good support system of family and friends that support his sober lifestyle and success.

The U.S. Probation Office reports that defendant began his term of supervised release on March 25, 2016, and he has now completed 20 months of a 36-month term of supervised release. The defendant has maintained full time employment while attending technical college and he has received his technician's license for HVAC. The defendant plans to open his own business in the near future. The defendant has maintained stable housing with his mother and is helping her with monthly bills. The defendant has had 24 drug screens while on supervision and one positive screen in December 2016. The defendant was referred to individual substance abuse counseling and NA groups. He has since maintained his sobriety and continues to attend individual counseling and NA groups. The defendant has had no negative interactions with law enforcement and he is not the subject of any orders of protection or other civil processes. Based on his compliance with supervision, the probation officer does not oppose his request for early termination. The government has indicated that it does not object to the defendant's motion.

The defendant pled guilty to conspiring to distribute and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). On June 12, 2013, the defendant was sentenced to a term of imprisonment of 72 months and a three-year term of supervised release [Doc. 189].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release.  In support of this determination, the Court notes that defendant has completed over half of his term of supervised release; with one exception, he has been in full compliance with the conditions of his supervision; and he maintains a stable residence and stable employment.  In addition, his supervising probation officer and the government do not oppose the request.  It appears to the Court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend.  Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc. 367] is **GRANTED.**  Defendant's term of supervised release is **TERMINATED.**

    **IT IS SO ORDERED.**

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE